Dr. Arnold R. Weber, President University of Colorado 914 Broadway, Campus Box B-35 Boulder, CO 80309
Dear Dr. Weber:
I write in response to your questions about the authority of the University of Colorado to self-insure the payment of workmen's compensation.
QUESTIONS PRESENTED AND CONCLUSIONS
1. Does Colorado Constitution art. XI, § 1, prohibit public entities from providing security to insure the payment of workmen's compensation?
No.
2. Does the Board of Regents have authority to establish and provide for a trust fund specifically set aside to secure the payment of workmen's compensation?
Yes.
ANALYSIS
1. Article XI, section 1 of the Colorado Constitution prohibits the state or any county, city, town, township, or school district from lending or pledging its credit or faith for any purpose whatever. But a state cannot be said to have lent its credit in violation of this provision unless a debt or obligation of the state is created. In re InterrogatoriesBy Colorado State Senate (Senate Resolution No. 13) ConcerningHouse Bill No. 1247 51 General Assembly, 193 Colo. 298,566 P.2d 350 (1977). In the constitutional sense a debt is an obligation that requires revenue from a tax, otherwise available for general purposes, to meet it. Id. at 355. The prohibition is designed to prevent the pledging of state revenues of future years. Id. at 355. Pledging current assets as security does not obligate future revenues.
Similarly, pledging security for this reason does not fall within the policy of section 1, to prohibit mingling of public funds with private funds. In re Interrogatories by Colorado StateSenate, supra; McNichols v. City and Countyof Denver, 101 Colo. 316, 74 P.2d 99 (1937). No such mingling can occur when a public entity provides security to insure the payment of its own obligation. Neither does indemnification of a surety who guarantees payment of the entity's obligation in case of default amount to pledging revenues in support of a private debt. The surety is merely reimbursed for payments made on the entity's debt in the first instance.
Apart from the specific financial arrangements that are involved, the constitutional proscription is inapplicable where the entity's obligation is incurred for a public purpose. Gudev. the City of Lakewood, 636 P.2d 691, 695 (Colo. 1981);In re Interrogatories By Colorado State Senate,supra; McNichols v. City and County ofDenver, 131 Colo. 246, 280 P.2d 1096 (1955). InMcNichols, a retirement plan for Denver city employees was held not to violate art. XI, § 1 because it served a definite public purpose.
2. The Board of Regents is statutorily prohibited from creating any debt against the university, in any manner encumbering the university, or incurring any expense beyond its ability to pay from the annual income of the university forthe current year. Section 23-20-135, C.R.S. (1973). While the board lacks statutory authority to provide certain types of amounts of security, providing security from existing university assets would not create debt for the state in the constitutional sense, or otherwise be prohibited by Colorado Constitution art. XI, § 1. Therefore, any specific financial arrangements must be considered individually.
With reference to a trust fund account which would be specifically set aside to provide security required by the Industrial Commission to allow the University of Colorado to self-insure its workmen's compensation program, the Board of Regents would have the authority to establish such account, and not be in violation of section 23-20-135, C.R.S. (1973), as long as the institution was not committing itself beyond its ability to pay from its annual income from the current year with reference to any payments to the trust fund account.
SUMMARY
It is my conclusion that the Industrial Commission is not prohibited from seeking security from public entities art. XI, § 1 of the Colorado Constitution. The University of Colorado, while limited in its ability to provide security by its own enabling statutes, can provide for and establish a trust fund account to secure its self-insurance program for workmen's compensation as long as it has the ability to pay from its annual income for the current year the amounts required for the trust fund.
Very truly yours,
 DUANE WOODARD Attorney General
EDUCATION STATE DEBTS WORKMEN'S COMPENSATION
Colo. Const. art. XI, § 1
HIGHER EDUCATION, DEPT. OF University of Colorado LABOR AND EMPLOYMENT, DEPT. OF Industrial Commission
The Industrial Commission is not prohibited from seeking security from public entities by art. XI, § 1 of the Colorado Constitution. The University of Colorado, while limited in its ability to provide security by its own enabling statutes, can provide for and establish a trust fund to secure its self-insurance program for workmen's compensation as long as it has the ability to pay from its annual income for the current year the amounts required for the trust fund.